```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

ANTHONY LEROY LATTIMER,           §
TDCJ-CID #330492,                 §
                                  §
            Plaintiff,            §
                                  §
v.                                §   CIVIL ACTION NO. H-06-1859
                                  §
STATE PAROLE BOARD, et al.,       §
                                  §
            Defendants.           §

### MEMORANDUM OPINION AND ORDER

Anthony Leroy Lattimer, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a prisoner civil rights complaint against various government officials. This action will be dismissed due to Lattimer's history of frivolous civil rights complaints and because this action contains claims that have been previously presented to and rejected by the federal courts.

Lattimer claims that Parole Board officials conspired to have him convicted and re-incarcerated. He alleges that Parole Officer K.C. Fisher and other agents made false charges of parole violations in order to remove him from a half-way house and return him to prison in early 1993. Lattimer has presented almost identical claims against Fisher and other parole officials in two prior suits alleging that he was illegally arrested in February of 1993; both were dismissed. <u>Lattimer v. Houston Community Service</u>

Parole Board, No. H-03-1942 (S.D. Tex. June 27, 2003); Lattimer v. Owens, No. H-02-1587 (S.D. Tex. May 9, 2002). In the second action, No. H-03-1942, the court noted that the claims were identical to those presented in the first action and warned him that "continued duplicative filings may result in the imposition of monetary sanctions." In light of this explicit admonishment, the duplicative claims presented in this suit are subject to dismissal as malicious under 28 U.S.C. § 1915(e) and a sanction should be imposed. See Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989); Day v. Allstate Ins. Co., 788 F.2d 1110, 1114 (5th Cir. 1986).

A national prisoner litigation index reveals that Lattimer has filed more than thirty civil rights complaints in federal courts while he has been incarcerated in the TDCJ-CID. See Lattimer v. Allred Unit, No. H-04-2019 (S.D. Tex. May 16, 2005). At least six of these complaints have been dismissed as frivolous. Id. citing Lattimer v. Chapman, No. 7:96cv0288 (N.D. Tex. Feb. 24, 1997); Lattimer v. State of Texas, No. 7:97cv0092 (N.D. Tex. Apr. 28, 1997); Lattimer v. Chapman, No. 3:96cv1807 (N.D. Tex. Sept. 29, 1997); Lattimer v. Owens, No. H-00-1279 (S.D. Tex. Mar. 15, 2001); Lattimer v. Owens, No. H-02-1587 (S.D. Tex. May 9, 2002). Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995, a prisoner may not file an action without prepayment of the filing fee if he has on three or more prior occasions filed a prisoner action in federal court or an appeal in a federal court of

appeals that was dismissed as frivolous or malicious. 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Lattimer has failed to show that he is in any immediate danger of being harmed. To the contrary, Lattimer refers to events that occurred more than thirteen years ago while he was on parole, and there is no indication that Lattimer is currently exposed to any danger of physical harm. Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

Consequently, Lattimer's claims are frivolous, and he has failed to show that he is eligible to proceed as a pauper. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999); Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998).

### Conclusion

Accordingly, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint filed by Anthony Leroy Lattimer (Docket Entry No. 1) is **DISMISSED with prejudice**. 28 U.S.C. § 1915(e)(2)(B)(i); 28 U.S.C. § 1915(g).

2. Lattimer is **SANCTIONED** for his abuse of the judicial system and shall pay $100.00 to the Clerk of this court.

3. The TDCJ-CID Inmate Trust fund shall place a hold on Lattimer's trust account until $100.00 has accumulated in the account. At that time, the Inmate Trust Fund shall forward $100.00 to the Clerk pursuant to this Memorandum Opinion and Order.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the TDCJ - Office of the

General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number 936-437-4793; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 14th day of July, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE